## CIRCUIT COURT OF ARLINGTON COUNTY

Safai Arkawi

v.

Nationwide Mutual
Fire Insurance Co.

April 1, 1981

Case No. (Law) 21574

## By JUDGE CHARLES H. DUFF

For decision is a Motion to Dismiss based upon various grounds. At argument it was conceded that ground I (Plaintiff's insurable interest in covered property) was waived for the purpose of this motion. Thus the sole issue is the alleged false swearing or willful misstatement of facts by the insured. The defendant contends that the insured is guilty of this ground in two respects: the first in the information supplied in the Proof of Loss; the second in various allegedly inaccurate answers given in a deposition of the plaintiff.

As to the Proof of Loss, defendant complains of that portion of the answers supplied wherein the insured described himself as "owner" and that there existed no incumbrances on the property. The parties have stipulated that the plaintiff individually did not own the property insured but he did own all shares of stock of Intercontinental Food Enterprises, Inc., which corporation owned the property. As to this assertion, the plaintiff contends that the carrier has waived its right to rely thereon

in various correspondence forwarded to plaintiff's counsel. A brief recital of the facts is necessary in this regard.

The fire occurred October 31, 1978. Thereafter, the defendant undertook an immediate and detailed investigation. It fully developed the facts regarding ownership of the property by IFE, Inc., as well as the fact that there existed a lien against the equipment. The Proof of Loss was filed October 14, 1979. Under date of October 24, 1979, the defendant advised "we do not believe that this loss is one carried by the policy." Apparently, upon inquiry by plaintiff's counsel as to the basis of this decision, the defendant responded to counsel on November 12, 1979, as follows:

> The policy carried by Mr. Arkawi does not carry a peril to cover losses that are not accidental. We do not believe the fire in the above mentioned loss was an accidental fire. Hence, we are denying coverage for said loss.

There existed a duty on the part of the defendant to provide its insured with a reasonable explanation for its denial of a claim. *See* Section 38.1-52.9(14). Likewise, when there is any valid objection to a Proof of Loss, it should be communicated to the insured within a reasonable time, or the objection will be deemed to have been waived. *Georgia Home Insurance Co. v. Goode & Company*, 95 Va. 751 (1898). Admittedly, the defendant knew the facts regarding ownership of the equipment and it will be held to have known that what appeared on the face of the Proof of Loss was an inaccurate statement. Yet it remained silent thereto in denial of the claim. Its denial was predicated *solely* on its belief that the fire was not accidental. In applying these facts to the motion to dismiss, I cannot say as a matter of law that the defendant has not waived the defect in the Proof of Loss. Accordingly, this ground for dismissal must be denied.

As to the second ground, the defendant contends that allegedly false information was furnished by the plaintiff in his deposition taken December 30, 1980. Defendant contends that this deposition was a "statement under oath" as provided by the policy language and that

accordingly false answers given therein sustain the motion to dismiss. While not admitting any falsification in his answers, plaintiff denies that a deposition taken after suit has been instituted is a Statement under Oath as contemplated by the policy provisions.

I agree with the plaintiff's position. A careful examination of the policy provisions indicates that the purpose of the statement under oath is to enable the company to fully investigate the fire so that it may determine its position regarding the claim. The applicable provisions appear in the same paragraph as the requirement for the Proof of Loss and are as follows:

> The insured, as often as may be reasonably required, shall exhibit to any person designated by this company all that remains of any property herein described and submit to examination under oath by any person named by this Company and subscribe the same . . .

I am of the belief that after having fully investigated the claim and having denied the same on the ground indicated that a deposition taken pursuant to the Rules of Court in furtherance of the suit is not an examination under oath as contemplated by the policy. Accordingly, this ground of the motion to dismiss cannot be sustained.

These rulings are made after due consideration of the exhibits introduced at the hearing and the authorities cited. The denial of the Motion is without prejudice to the defendant to reassert the grounds if evidence taken at trial should support a different holding.